One Riverfront Plaza, Suite 730
Newark, NJ 07102-5401
T: +1 (973) 848-7676
F: +1 (973) 848-7650
www.winston.com

**WINSTON & STRAWN LLP**

**JAMES S. RICHTER**
(973) 848-7645
jrichter@winston.com

April 30, 2013

BY ECF AND FEDERAL EXPRESS

Honorable Madeline Cox Arleo, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal
Building and Courthouse
50 Walnut Street
Newark, New Jersey  07102

    Re:    Novartis Pharmaceuticals Corporation v.
              Actavis, LLC, et al.
              Civil Action No. 13 CV 1028 (SDW) (MCA)

Dear Judge Arleo:

       This firm represents Defendant Hospira, Inc. in the above-referenced matter.  Plaintiff has filed a Motion to Consolidate the following actions: (i) *Novartis v. Wockhardt*, Civil Action No. 12 CV 3967; (ii) *Novartis v. Actavis, et al.*, Civil Action No. 13 CV 1028; and (iii) *Novartis v. Accord*, et al., 13 CV 2379.  Please accept this letter, in lieu of a more formal brief, as Hospira's response to Plaintiff's motion.

       As Your Honor is aware, these three matters involve two branded drugs with multiple different presentations indicated for the treatment of several different diseases, three different patents, and more than a dozen different defendants.  As an initial matter, Hospira does not oppose consolidation for the purpose of coordinating discovery on the asserted patents/products.  Plaintiff's motion, however, seeks much more than that – consolidation for all purposes including trial.

       Hospira respectfully submits that it would be premature to order consolidation of these matters for trial at this stage of the proceedings.  Many of the parties are in very different positions and subsequent events will likely dictate how each party's position will ultimately be decided.  For example, while one or more parties have already launched generic products, others have received final FDA approval but not launched, and still others have not received final or even tentative FDA approval..  Likewise, while some parties have filed paragraph IV certifications to each of the asserted patents, others

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
LONDON
LOS ANGELES
MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, D.C.



April 30, 2013
Page 2

have filed section viii carve outs with respect to the '987 patent.  And, none of the asserted patents is alleged to cover all of the branded drugs and presentations.  As these cases proceed, there will likely be arguments raised to bifurcate one or more of the cases for trial (including, potentially, bifurcating cases involving distinct products, patents, and/or damages where some parties have launched and others have not). While these examples are not exhaustive, they highlight the potential issues with consolidating all of these matters for all purposes at this early stage of the proceedings.

Hospira does not oppose consolidating the present cases at this juncture for the limited purpose of coordinating discovery on the asserted patents/products.  This compromise resolution of the consolidation issue will enable the Court to address any case management concerns Your Honor and/or Judge Wigenton may have and will likely streamline the discovery process, moving the case forward in a coordinated effort through claim construction.   The various scheduling issues that will undoubtedly arise – including whether discovery should be staged based on patents, products, and/or damages – can and should be addressed by the parties in connection with the preparation of the Joint Discovery Plan and Rule 16 Conference.

Once Markman proceedings are complete, the parties can then reconvene with Your Honor to establish a schedule moving forward to trial, a procedure that is commonly followed here in Hatch Waxman cases.

Respectfully submitted,

*s/ James S. Richter*

James S. Richter

cc: All Counsel (w/encls.) (by e-mail)

NY:1560544.1